Please be seated. Could the clerk call the next case, please? 313-0136, People of the State of Illinois, Equally Bipartisan Crowd v. Eric Henry, Appellant by Carolyn Clarkwess. Thank you. Ms. Clarkwess, good afternoon. Good afternoon. May it please the Court, Counsel, my name is Carolyn Clarkwess and I represent the appellant, Eric Henry. Eric Henry has stated the gist of a constitutional claim that trial counsel was ineffective for failure to request a fitness hearing prior to trial and also he alleges that sentencing. Henry also raised a second issue in his brief, but I would like to focus on the first one unless the Court has any questions regarding the second issue, I'm happy to answer those. Regarding Henry's claim of ineffective assistance to counsel, at this stage of the proceedings, he is required to show that his claim has an arguable basis in fact and an arguable basis in law. His factual allegations are that counsel was aware that at the time of free trial and during the proceedings that he was on psychotropic medication. He supports his claim in documentation in the form of the PSI, which is prepared by an independent actor that being a probation officer. It's not Mr. Henry just writing on a piece of paper, I was on Doxepin and Respital and Serapol. This was confirmed from the probation department that Mr. Henry was on psychotropic medications during the time that he was standing trial for the incident offense. Henry's allegation is that counsel knew that he was on these medications and that she failed to request the fitness hearing. One thing that he pointed out, and the state conceded this in their brief, is that during the pre-trial proceedings, counsel was asked by the trial court, is your client on any psychotropic medications? And she said no. And the state has agreed that she did misinform the court on that issue in particular. With regard to Henry's claim, we submit that this case is on all fours with the Illinois Supreme Court's case of people versus Brown. And it warrants the same disposition, which is that it should be remanded for stage two proceedings. Like Brown, Henry has made factual allegations that are not positively rebutted by the record and at this stage of the proceedings should be taken as true. Additionally, like the defendant Brown, he alleges that trial counsel didn't bring his fitness issues to the trial court's attention. And as a consequence of that, he has made an arguable claim that he was tried in violation of his right-to-do process, being that if he's an unfit defendant, he can't be tried until he's able to assist in the proceedings. As I mentioned, he's alleged, and these aren't rebutted by the record, that at the time of trial, he was incompetent and he couldn't follow the proceedings. I would note that the medications that are listed in the PSI are pretty powerful psychotic, anti-psychotic medications. The side effects, which do include drowsiness, which is one of the claims that Mr. Henry made in his petition that he was unable to follow the proceedings. No, it was not. And the reason it was not and the reason it could not be is that it implicates matters outside the record, which is Henry's allegation that trial counsel didn't raise the fitness issue during the proceedings below. That wouldn't have come out. It wasn't fleshed out at trial. And also, I would like to point out that in Brown, at least, there was questioning of trial counsel about that defendant's fitness, and the trial court asked counsel on the record in Brown whether or not he was on psychotropic medications. She said no. She said he seemed okay. Actually, I think the attorney was a he. But regardless, in our case, we have even a stronger factual posture in that the record is silent on this regard, and it's something that could not be addressed in a direct appeal. The only way to do it is through the Post-Commissioned Hearing Act, because it does implicate matters outside the record, which is basically what happened between him and counsel. We know for a fact that she misrepresented him being on medication when she told the trial court he wasn't on medication, and... And the pre-sentence investigation report that indicated he was on... It did, sir, your honor. Yes, it said respital, Seroquel, and Doxepin, which, as I mentioned, are pretty powerful anti-psychotics. We understand that under people like Mitchell, just being on psychotropic medication doesn't mean you're unfit. However, this is a first stage Post-Commissioned proceeding where the threshold is very low for the pleading that he has made a constitutional claim, the gist of a constitutional claim that has an arguable basis in fact and in law, supported fully by People v. Brown, and we ask that you enter the same Thank you. Thank you. Mr. Arado? Good afternoon, your honor. I guess the difference between this case and Brown has to do with the amount of allegations that were presented in the record that was presented to Brown versus the record that is in existence in this case. Brown, the comments made by the counsel were made at sentencing after the trial had already been completed. There was allegations that he was on psychotropic medication, but there was also allegations, well, the basis of the whole trial was suicide by cop, if you will, so there were some allegations that he had some mental issues even before the whole thing started that were not alleged to have been brought to the attention of the trial court. In this case, as we point out in our brief, and I don't go over each and every instance, but the trial court made a concerted effort to make sure that the defendant understood what the proceedings were. At one point, there was an allegation of conflict of interest with the public defender, Mr. Hoffman, regarding his representation of a potential state witness, Dominguez, who is the subject of the other argument, but I will limit myself to the first argument here. Anyway, a potential conflict between Hoffman's prior representation of the state witness. During the discussion with the defendant, it came up that the defendant said, well, yeah, I've been in the system before, but I only pled guilty because I was told to and I didn't know what was going on. And the judge says, well, hang on, now we need to, I want to make sure that you understand what's going on in this case. And so then he asks further questions of the defendant to make sure that he understands what the assistant PD is saying, and he asks him what age he is, what grade he went through school, and got kind of a background. Then he also asks, and this is before trial, is Mr. Hoffman, about his interaction with the defendant, and Mr. Hoffman says he appears to be of average intelligence. Mr. Dalton, who is the attorney who was appointed for the purpose of a conflict, to discuss that with the defendants, he had no problem communicating with the defendants. And of course there was another assistant PD who made no comment. The PD attorney is not presenting to the judge that there was a bona fide doubt in the defendants' witness. Also, the PSI that was presented to the court and is attached to the supporting documentation notes that he had no issues that the psychologist denied. It said that the defendant denied any suicidal or homicidal ideations. The thought processes were coherent, logical, without evidence of a thought disorder. And the defendant himself said, regarding his mental health, it's cool. So his allegations seem to be rebutted by the record in this case. So otherwise, if there's no other questions, we'll stand on the remainder of the argument of the brief. Thank you. Ms. Clark-Quist, any rebuttal? Yes, the arguments made by the state here and in their brief are premature. The same arguments were made by the state in Brown. The dissent talked about them in Brown, and the majority opinion said, no, hold on, we're at the first stage. All he has to show is an arguable basis. What's on the record doesn't positively rebut the claims in the petition. We don't know what happened between Mr. Henry and counsel. There's any discussion whatsoever. The fact that he's giving rote responses in a structured environment to yes and no questions doesn't mean anything. I mean, one of his allegations, he's drowsy. So why would he be having outbursts? These are all questions that should be determined in the second stage. And we ask that you follow the majority opinion in Brown and reject the state's argument because it is premature. It's more appropriate a second stage and that you remand this case for further proceedings with the appointment of counsel. I do have one question. Exactly when was the pre-sentence investigation report submitted? Usually it's within 30 days of the date the conviction is entered. I don't have the actual date itself, but it should be ordered within 30 days. Okay, so the court had it. The trial court would, yes. Prior to sentencing? Yes. Because I believe the trial court, and I haven't practiced down there, but my understanding is the trial court would have it a little bit ahead of time prior to sentencing so they'd have a chance to review it and determine what sentence they're going to impose. Thank you. Sure. Any other questions? Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for panel change.